IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ANTHONY D. JOHNSON ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 16-2271-STA-egb |
| ) | |
| CAROLYN JORDAN, ET AL., ) | |
| ) | |
| Defendants. ) | |

ORDER OF PARTIAL DISMISSAL
ORDER TRANSFERRING REMAINING CLAIMS
ORDER CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE ON PARTIAL DISMISSAL

On April 21, 2016, Plaintiff Anthony D. Johnson, who is presently incarcerated at FCI Gilmer in Glenville, West Virginia, filed a Pro Se Complaint pursuant to 42 U.S.C. § 1983 concerning his previous confinement at the Riverbend Maximum Security Institution ("RMSI") in Nashville, Tennessee. (ECF No. 1.) The Court granted Johnson leave to proceed *in forma pauperis* and assessed the $350 civil filing fee pursuant to 28 U.S.C. §§ 1915(a)-(b). (ECF No. 5.) Plaintiff sues the RMSI Assistant Warden Carolyn Jordan, RMSI Unit Manager C. Thomas, RMSI Classification Robert Bates, RMSI Unit 4 Counselor John Doe, RMSI Acting Chief Counselor Warren Tate, and RMSI Records Clerk Tim Terry.

**BACKGROUND**

Johnson alleges that he was serving a six-year sentence for criminal attempted aggravated robbery and robbery. Johnson's sentence was imposed on December 17, 2010. (Compl. at 4, ECF No. 1.) Johnson contends that during his incarceration at RMSI and before the expiration of

his sentence, prison officials miscalculated his release date. (*Id.*) Although Johnson brought the error to the attention of all the listed staff to correct the error, Johnson alleges that they failed to provide effective assistance and failed to investigate his complaint, which resulted in Johnson's continued incarceration. (*Id.*) Johnson requests that the Court credit each excessive day he spent in state custody towards his federal sentence. Johnson also prays for compensation for each day that his liberty was restrained. (*Id.*)

## **SCREENING STANDARD**

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

    (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

    (2)    seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the Pro Se Complaint in this case states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions . . . are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at

555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." *Hill*, 630 F.3d at 470 (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 328-29 (1989)).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, *Iqbal*, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. *Neitzke*, 490 U.S. at 327-28, 109 S. Ct. 1827.

*Id.* at 471.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants and prisoners are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, No. 09-2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); *Payne v. Sec'y of Treas.*, 73 F.

App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

## **ANALYSIS**

Johnson filed his Pro Se Complaint on the court-supplied form for actions under 42 U.S.C. § 1983. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

The Court cannot address the legality of Plaintiff's confinement in an action under 42 U.S.C. § 1983. When a prisoner seeks to challenge the validity or duration of his confinement, his sole remedy is a petition for a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *see also Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus."). Plaintiff cannot challenge the validity of his confinement under § 1983. The Court has no grounds for treating his § 1983 claim as a petition for a writ of habeas corpus under § 2241 habeas or § 2255.[1]

The Court also lacks authority to order the sentencing court or TDOC to modify the calculation of Plaintiff's sentence. Judges enjoy immunity for a suit for injunctive relief. *See* 42 U.S.C. § 1983 ("in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable"). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam) (internal quotation marks & citation omitted).

Additionally, Johnson seeks money damages against Defendants at RMSI, a facility located in Nashville, Tennessee. Twenty-eight U.S.C. § 1391(b) authorizes the commencement of a civil action only in a judicial district:

---

[1] Johnson has a § 2255 claim pending before the Court, civil case no. 14-2708-STA-egb (W.D. Tenn).

> (1) where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . , or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Johnson's claims for money damages occurred at RMSI in Davidson County which is part of the Middle District of Tennessee, Nashville Division. 28 U.S.C. § 123(a)(1).

Twenty-eight U.S.C. § 1406(a) states that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." For the reasons stated, this action should have been brought in the Middle District of Tennessee. Therefore, this case is hereby TRANSFERRED pursuant to 28 U.S.C. § 1406(a) to the Nashville Division of the United States District Court for the Middle District of Tennessee.

### III. Leave to Amend

On April 3, 2017, Johnson filed a Motion to Amend his Petition. Johnson's short Motion simply requests an opportunity to amend but fails to explain what additional facts or claims Johnson wishes to raise in an amended pleadings. The Court holds that Johnson has not shown why leave to amend is requires at this time. Therefore, Johnson's Motion to Amend is **DENIED** without prejudice to re-file the Motion upon transfer to the Middle District of Tennessee.

### **CONCLUSION**

To the extent that Johnson seeks a modification of his sentence, the Court DISMISSES Johnson's Complaint as to the Defendants for failure to state a claim on which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to amend is DENIED because the deficiencies in Johnson's complaint concerning his sentence cannot be cured.

Pursuant to 28 U.S.C. §1915(a)(3), the Court must also consider whether an appeal by Plaintiff in this case would be taken in good faith. The good faith standard is an objective one.

*Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the Defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. Therefore, it is CERTIFIED, pursuant to 28 U.S.C. §1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Plaintiff nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain*, 716 F.3d at 951. *McGore* sets out specific procedures for implementing the PLRA, 28 U.S.C. § 1915(a)-(b). Therefore, the Plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in *McGore* and § 1915(a)(2) by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Plaintiff, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This "strike" shall take effect when judgment is entered. *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

**IT IS SO ORDERED.**

            s/ S. Thomas Anderson
             S. THOMAS ANDERSON
             CHIEF UNITED STATES DISTRICT JUDGE

Date: May 1, 2017.